IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH FRANKLIN EVERETT, SR.,  )  | |
| )  | |
| Plaintiff,  )  | |
| )  | |
| v.  )  | CIVIL ACTION NO. 2:05-CV-365-F |
| )  | WO |
| )  | |
| OFFICER THRASHER, et al.,  )  | |
| )  | |
| Defendants.  )  | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Joseph Franklin Everett, Sr. ["Everett"], a county inmate, asserts that correctional officials violated his constitutional rights when they failed to protect him from attack by other inmates. Everett further contends that defendants Kencherlo Brown and Michael Young, fellow inmates, violated his constitutional rights when they assaulted him.

Upon consideration of the pleadings filed in this case, the court concludes that the plaintiff's claim against inmates Kencherlo Brown and Michael Young are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

The plaintiff complains that inmates Brown and Young assaulted him. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by persons acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). The inmates who attacked the plaintiff can in no way be considered state actors. Consequently, the court concludes that the claim presented by the plaintiff against defendants Brown and Young is frivolous and subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim against Kencherlo Brown and Michael Young be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

2. Kencherlo Brown and Michael Young be dismissed as defendants in this cause of action.

3. This case, with respect to the plaintiff's failure to protect claim against defendants Thrasher and Henrey be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before May 6, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of April, 2005.

                                      /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE